ROBERT CRAWFORD AND ELIZABETH CRAWFORD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crawford v. Commissioner
Docket No. 21792-80.
United States Tax Court
T.C. Memo 1982-121; 1982 Tax Ct. Memo LEXIS 622; 43 T.C.M. (CCH) 747; T.C.M. (RIA) 82121; March 15, 1982. *622 Petitioner-wife received distributions under her brother's profit-sharing plan in 1977 and 1978, as a result of her brother's death. Held: the distributions are taxable as ordinary income. Sec. 72, I.R.C. 1954. Robert Crawford and Elizabeth Crawford, pro se. Judy K. Hunt, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax against petitioners for 1977 and 1978 in the amounts of $ 6,100.85 and $ 1,503, respectively. The issue for decision is whether respondent erred in determining that amounts received from an employees' trust are taxable to petitioners as ordinary income. This case has been submitted fully stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners Robert Crawford and Elizabeth Crawford (hereinafter *625 sometimes referred to as "Elizabeth"), husband and wife, resided in Ft. Myers, Florida. Clyde L. Fore (hereinafter sometimes referred to as "Clyde"), Elizabeth's brother, possessed an interest in the Siler City Mills, Inc. Employees' Trust Fund (hereinafter sometimes referred to as "the Trust"). The Trust was part of a profit-sharing plan which made no provision for employee contributions. The governing instrument of the plan provides in relevant part as follows: 2.1 (1) Valuation Date shall mean September 30 of each year. 6.7 Death Benefit. Upon the death of a Member the value of his accumulation account as of the valuation date which coincides with or next follows his death shall be paid to his designated beneficiary. If a designated beneficiary does not survive a Member or if the Member fails to designate a beneficiary, said value shall be distributed in the following order: (i) to his spouse, (ii) to his issue per stirpes or (iii) to his estate. 6.8 Designation of Beneficiaries. A Member may designate a beneficiary or beneficiaries to receive his interest in the Trust Fund upon his death. The designationa [sic] shall be made by the Member filing with *626 the Committee a written designation, signed by him, in such form as the Committee may require. A Member may revoke or change any prior designation by filing with the Committee a new designation. 6.9 Early Payment. After it is established that a Member or his beneficiary will become entitled to the distribution of his interest in the Trust Fund as of the next following valuation date, the Trustee, upon receiving written instructions from the Trust Committee, shall make payments from his interest to the Member or his beneficiary prior to that valuation date, provided that such payments do not exceed 75% of the value of the Member's vested interest in the Trust Fund as of the immediately preceding valuation date. By a statement dated May 29, 1972, Clyde designated beneficiaries of his interest in the Trust. The designation paper had originally been prepared so as to provide that Clyde's interest would be allocated as follows: half to his wife, one-quarter to Elizabeth, and one-quarter to Cornelia Fore (hereinafter sometimes referred to as "Cornelia"), another sister. Clyde inked through this prepared allocation language and, in lieu thereof, wrote in the following allocation: *627 half to Elizabeth and half to Cornelia; if either sister would predecease him, then all to the survivor; and if both sisters would predecease him, then all to his wife. Clyde executed his last will and testament on September 24, 1973. The will directed that taxes imposed by reason of his death were to be paid from the principal of his estate and not charged against any beneficiary. The will also provided as follows: ITEM VI I have caused my sister, CORNELIA FORE, and my sister, ELIZABETH FORE CRAWFORD, to be named as beneficiaries to my share in the Siler City Mills Employees' Trust Fund. I feel that such provision is adequate, and I have therefore not provided for them otherwise. Clyde died on or about March 9, 1977. On March 22, 1977, the appropriate retirement committee under the Trust instructed the trustee to pay Clyde's interest to Elizabeth and Cornelia in a "lump sum". In April or May 1977, Elizabeth received $ 40,000 as partial payment of the amount owed to her under the terms of the Trust. Remaining amounts were to be paid when the final balance of Clyde's interest could be determined. On October 17, 1977, an attorney for the employer maintaining the plan *628 wrote to the trustee advising the trustee to defer payment of the balance of the amounts owed to Elizabeth and Cornelia until after January 1, 1978. The stated reason for the request for delay was that the executrix of Clyde's estate had so requested for the purpose of obtaining a tax advantage for the estate. On March 31, 1978, the trustee of the Trust forwarded to Elizabeth the balance of the amount owed to her--$ 8,651.03. Petitioners reported neither the $ 40,000 payment nor the $ 8,651.03 payment as income on their tax returns for 1977 and 1978. Other than any possible effect of the above-described transfers from the Trust to Elizabeth, the Trust was a qualified trust under section 401(a) [1] for 1977 and 1978. Petitioners assert that the above-described payments constitute a nontaxable inheritance to Elizabeth; that the trustee of the Trust acted improperly in delaying the second payment until 1978, which should cause the Trust to lose its tax-qualified status; and that any tax on the payments should be paid *629 by Clyde's estate. Respondent maintains that the payments are not an exempt inheritance, but are distributions from an employees' trust fund, which are taxable as ordinary income. We agree with respondent. The payments received by Elizabeth are distributions from the Trust, under a profit-sharing plan. The distributions are taxable under section 72 whether the Trust is exempt (sec. 402(a)(1)) or nonexempt (sec. 402(b)). The general rule of section 72(a) requires Elizabeth to take into income the entire amounts of the distributions. Petitioners do not suggest that any part of section 72 provides relief to them. We note that section 72(b) provides for a tax-free return of Clyde's contributions under the plan ("investment in the contract"--see sec. 72(c)). However, the plan appears to be a noncontributory plan and nothing in the record suggests that Clyde made any such contributions or otherwise had an investment in the contract. Petitioners do not suggest that any part of section 402 provides relief to them. We note that sections 402(a)(2) and 402(e) provide special treatment in the case of lump sum distributions. However, for an amount to be treated as a lump sum *630 distribution the entire amount must be paid within one taxable year of the recipient (sec. 402(e)(4)(A)). In the instant case, the payments were made in two separate years, and so no relief appears to be available via the lump sum distribution route. Blyler v. Commissioner,67 T.C. 878 (1977). We conclude that the distributions constitute ordinary income in Elizabeth's hands. Petitioners maintain that they inherited the distributions. Whatever may be the distributions' proper treatment for estate tax purposes (see sec. 2039(c)), for income tax purposes they are distributions under plans of deferred compensation. See section 691(a); [2]Estate of Carr v. Commissioner,37 T.C. 1173 (1962). The distributions were not received under Clyde's will or under a statute of descent or distribution. See section 1.102-1(a), Income Tax Regs. We conclude that the distributions are not excludible under section 102(a) as an inheritance. Petitioners maintain that Clyde's estate is responsible for the taxes *631 on the distributions. Whether or not Clyde's estate is liable to Elizabeth does not affect petitioners' liability for income tax. Our jurisdiction in this proceeding extends only to the determination of petitioners' liability for income tax. Petitioners maintain that the Trust's fiduciaries violated their obligations and the Trust was not operated in accordance with the plan's governing instrument. Even if the Trust were to be treated as having lost its exempt status as of the beginnings of the years in which the Trust made the distributions here in dispute, that would not affect the foregoing analysis. Under the circumstances of the instant case, the distributions are taxed the same, whether the Trust was exempt or nonexempt. Cf. Woodson v. Commissioner,73 T.C. 779 (1980), revd. 651 F.2d 1094 (CA5 1981). We must point out that we do not have jurisdiction over the Trust, or the trustee, or Clyde's estate. We have no jurisdiction, in the instant case, to direct respondent to take any action with respect to these three entities. Petitioners may have remedies under other law (see, e.g., part 5 of title I of the Employee Retirement Income Security *632 Act of 1974, codified at 29 U.S.C. 1131, et seq.) but such remedies must be pursued in some other forum. We hold for respondent. Decision will be entered for the respondent.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue.↩
2. The record does not indicate that the distributions gave rise to any estate tax, and so no deduction appears to be allowable under section 691(c).↩